IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTONYE CRUZ, <br><br> Plaintiff, <br><br> v. <br><br> WALGREENS STORE #5522, et al., <br><br> Defendants. | CIVIL ACTION <br><br> NO. 20-3338-KSM |

## MEMORANDUM

**MARSTON, J.**                                                                                    **July 31, 2020**

Plaintiff Antonye Cruz sued Walgreens Store #5522, Walgreen Eastern Co., Inc., Walgreen Co., Walgreen Stores, Inc., Walgreen National Corp., and GH Bridge, LLC in the Court of Common Pleas of Philadelphia County for negligence. (Doc. No. 1 at pp. 38–42.) Cruz's negligence claims arose from an incident that transpired in Philadelphia on the morning of November 13, 2017 at Walgreens Store #5522, when Cruz was allegedly assaulted by another customer with a sledgehammer. (*Id.* at ¶ 10.)

Defendants Walgreen Eastern Co., Inc. and Walgreen Co. removed the action to this Court based on diversity citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a).[1] (*Id.* at pp. 5–9.) Cruz then filed a Motion to Remand the case to the Court of Common Pleas of Philadelphia County, arguing that removal violates the forum defendant rule and that there is not complete

---

[1] Defendants removed the case to federal court after GH Bridge, LLC was dismissed as a defendant from the case. (Doc. No. 1 at p. 8, ¶¶ 14–15.) In their notice of removal, Defendants recognized that "at the time the complaint was filed and served," "the case was not eligible for removal" and "diversity of citizenship did not exist" because both Cruz and GH Bridge, LLC were both citizens of Pennsylvania. (*Id.* at p. 8, ¶ 13.)

diversity because Defendant Walgreens Store #5522 is a Philadelphia entity with a principal place of business at 1607 Bridge Street, Philadelphia, Pennsylvania, 19124.  (Doc. No. 4.)  In response, Defendants contend that Walgreens Store #5522 is merely one of many stores from which Defendant Walgreen Eastern Co., Inc. operates its business and accordingly is a non-jural entity that cannot be sued.  (Doc. No. 5).  As such, Defendants assert that Walgreens Store #5522's location should not be considered for diversity purposes.  (*Id.*)

For the reasons discussed below, the Court denies Cruz's motion.

I.

Cruz, a Pennsylvania citizen, initiated his case in state court on January 7, 2020, suing numerous Walgreens-affiliated entities (Walgreens Store #5222, Walgreen Eastern Co., Inc., Walgreen Co., Walgreen Stores, Inc., and Walgreen National Corporation) and GH Bridge, LLC after he was assaulted by a third-party while shopping at Walgreens Store #5222 in Philadelphia, Pennsylvania.  (Doc. No. 1.)  Cruz alleges that Walgreens Store #5222 is "a corporation, business, entity, partnership, franchise, fictitious name, proprietorship, or other jural entity," which maintained a principal place of business at 1607 Bridge Street, Philadelphia, Pennsylvania, 19124 and owned and operated the convenience store at that location.  (*Id.* at p. 34, ¶ 3.)

Defendants Walgreen Co. and Walgreen Eastern Co., Inc. filed an Answer on March 30, 2020, explaining that Defendants were also "incorrectly identified as Walgreens Store #5522, Walgreen Company, Walgreen Stores, Inc., and Walgreen National Corp." (*Id.* at p. 75.)  In addition, Defendants Walgreen Co. and Walgreen Eastern Co., Inc. expressly denied Cruz's allegation that Walgreens Store #5522 was a jural entity with a principal place of business in Philadelphia and that it owned or operated the Bridge Street convenience store.  (*Id.* at p. 75, ¶

3.)  Further, they noted that "[t]he complaint names separate and distinct legal entities and non-jural entities, making it improper and misleading to refer to all named defendants as if they were one entity."  (*Id.* at p. 76, ¶ 9.)

On June 24, 2020, GH Bridge, LLC, which maintained a principal place of business at 2312 North Broad Street, Colmar, Pennsylvania, 18915, was dismissed from the case by way of stipulation.  (*Id.* at p. 8, ¶ 14, p. 35, ¶ 8.)  After GH Bridge's dismissal, Defendants Walgreen Co. and Walgreen Eastern Co., Inc. removed the case on the basis of diversity jurisdiction on July 8, 2020.  (*Id.* at pp. 8–9.)

Cruz then moved to remand (Doc. No. 4), and in response, Defendants Walgreen Co. and Walgreen Eastern Co., Inc. proffered an affidavit from the Secretary of Walgreen Co., Joseph B. Amsbary.  (Doc. No. 5-1.)  The Amsbary Affidavit reiterates that "Walgreens Store #5522 is not a legal entity but is the designation of a store located at 1607 Bridge Street, Philadelphia, Pennsylvania, and is one of numerous stores, with numerical designations, from which Walgreen Eastern Co., Inc. operates its business."  (*Id.* at ¶ 5.)  Amsbary also submits that Walgreen Co. is incorporated under the laws of the state Illinois and maintains its principal place of business in Illinois and that Walgreen Eastern Co., Inc. is incorporated under the laws of the state of New York and maintains its principal place of business in Illinois.  (*Id.* at ¶¶ 3–4.)

## II.

Under 28 U.S.C. § 1441, a defendant may remove a civil action brought in state court if the case could have originally been brought in federal court.  28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant[.]").  A district court has original jurisdiction over a civil action between citizens of different states where "the matter in controversy exceeds the

sum or value of $75,000." 28 U.S.C. § 1332(a).  Nonetheless, under the forum defendant rule, a civil action otherwise removable based on diversity jurisdiction cannot be removed "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2); *see also Swindell-Filiaggi v. CSX Corp.*, 922 F. Supp. 2d 514, 516 (E.D. Pa. 2013).

"Removal predicated on diversity of citizenship jurisdiction requires that the amount in controversy is satisfied and that there is 'complete diversity between the parties, that is, every plaintiff must be of diverse state citizenship from every defendant.'"  *Susman v. Goodyear Tire & Rubber Co.*, Civil Action No. 17-3521, 2018 WL 123733, at *5 (E.D. Pa. Mar. 9, 2018) (quoting *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006)); *see also Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013) ("Jurisdiction under § 1332(a) requires 'complete diversity,' meaning that 'no plaintiff can be a citizen of the same state as any of the defendants.'" (citation omitted)).

"[T]he burden is on the removing party to establish federal jurisdiction."  *Johnson*, 724 F.3d at 346 (citation omitted).  "The removal statute should be strictly construed and all doubts resolved in favor of remand."  *Id.* (internal quotation marks and citations omitted).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

III.

Cruz moves to remand this case to the Court of Common Pleas of Philadelphia County, arguing that Walgreens Store #5522 is a Pennsylvania citizen, which prevents removal under the forum defendant rule and defeats complete diversity.  (Doc. No. 4.)  Cruz does not dispute that the amount in controversy requirement is satisfied, nor does he dispute the citizenships of

Walgreen Co. or Walgreen Eastern Co., Inc.  Rather, Cruz's position rests entirely on his allegation that Walgreens Store #5522 is a Pennsylvania citizen—specifically, that it is "a corporation, business, entity, partnership, franchise, fictitious name, proprietorship, or other jural entity," which maintained a principal place of business at 1607 Bridge Street, Philadelphia, Pennsylvania, 19124, and owned and operated the convenience store at that same location.  (Doc. No. 1 at p. 34, ¶ 3.)  In his motion to remand, Cruz maintains that removal would only be appropriate if Defendants had alleged in their Notice of Removal that Walgreens Store #5522 was fraudulently joined—which, he argues, they have not.[2]  (Doc. No. 4.)

In response, Defendants contend that Walgreens Store #5522 is a non-jural entity, meaning that it does not legally exist, has no citizenship, and is not capable of being sued.  (*See generally* Doc. No. 5.)  In particular, they submit that Walgreens Store #5522 is "not a legal entity but is the designation of a store located at 1607 Bridge Street, Philadelphia, Pennsylvania, and is one of numerous stores, with numerical designations, from which Walgreen Eastern Co., Inc. operates its business."[3]  (Doc. No. 5-1 at ¶ 5.)  Accordingly, Defendants argue that they were

---

[2] As the Court finds herein, there is no basis for fraudulent joinder, and we note that Defendants have consistently given notice that Store #5522 is incorrectly identified, including in their Notice of Removal. *See* Doc. No. 1 at p. 5 ("Defendants, Walgreen Eastern Co., Inc. and Walgreen Company, Walgreen Stores, Inc., and Walgreen National Corp.")  We also note that the case on which Cruz relies with respect to his fraudulent joinder argument—*Stanley v. Lowe's Cos., Inc.*, 2020 U.S. Dist. Lexis 56320 (D.N.J. Mar. 31, 2020)—is distinguishable (contrary to Cruz's suggestion that "the situation presently before this Court is identical to the factual situation before the Stanley court only a few months ago" (Doc. No. 4 at p 5, ¶ 7)).  Significantly, there the defendants "conced[ed] that there [was] not complete diversity between Plaintiff and Defendants." *Stanley*, 2020 U.S. Dist. Lexis 56320, at *9–10.  And unlike the situation before us, the *Stanley* court was not presented with evidence from the defendants, showing that the defendant at issue was a non-jural entity.

[3] We note that Defendants' position here (that Walgreens stores with numerical designations are not jural entities and are stores owned and operated by Walgreen Eastern Co., Inc.) appears to be consistent with the position that it took in another case brought in this District, *McClean v. Walgreens Store #7336 et al.*, 19-cv-01575.  *See* McClean Doc. No. 5 (The plaintiff brought suit against numerous Walgreens entities, including Walgreens Store #7336, and in the parties' Rule 26(f) report, Defendants stated that "Walgreen Eastern Co., Inc. is the owner of the store in question [Walgreens Store #7336] located at 1617 John F. Kennedy Boulevard, Philadelphia, PA" and that "Walgreen Eastern Co., Inc. is the only proper

not required to plead fraudulent joinder in the Notice of Removal (as there was "no conceivable basis" to do so with respect to a non-jural entity), and that Walgreens Store #5522 does not deprive this Court of diversity jurisdiction. (*See generally* Doc. No. 5.) This Court agrees.

As noted above, the forum defendant rule provides that "removal is improper if the defendant is a citizen of the state in which the suit is originally filed." *See, e.g.*, *Banks v. Kmart Corp.*, Civil Action No. 12-607, 2012 WL 707025, at *1 (E.D. Pa. Mar. 6, 2012). Thus, if Walgreens Store #5522 is in fact a citizen of Pennsylvania, removal to the Eastern District would violate the forum defendant rule, since Cruz originally filed suit in Pennsylvania state court. Further, complete diversity requires that "every plaintiff must be of diverse state citizenship from every defendant," so if Walgreens Store #5522 is a Pennsylvania citizen, removal on the basis of diversity jurisdiction would be improper, since Cruz is also a Pennsylvania citizen. *See Susman*, 2018 WL 123733, at *5.

Cruz's argument that Walgreens Store #5522 destroys complete diversity is irrelevant if Walgreens Store #5522 is a non-jural or non-existent entity, as Defendants contend.

"A defendant that is a non-existent business entity is not required to join in or consent to the removal of a case, nor is the citizenship of the non-existent entity considered for purposes of complete diversity of citizenship." *Davis v. OneBeacon Ins. Grp.*, 721 F. Supp. 2d 329, 337 (D.N.J. 2010) (internal quotation marks and citations omitted); *see also Susman*, 2018 WL 1243733, at *9 ("Given the evidence submitted, the Court finds that Pennsylvania Goodyear is a non-existent entity that will be disregarded for determining diversity jurisdiction."); *Patel v. Aetna*, Case No. 2:17-cv-78, 2017 WL 2735587, at *1 n.1 (S.D. Ohio June 26, 2017) ("Defendants state that Aetna, Aetna Insurance Company, and Aetna Corp. are not legal entities.

---

defendant."); *see also* McClean Doc. No. 7 (dismissing Walgreens Store #7336 from the case "upon consent" of the parties).

Defendants attach the declaration of Michael C. McNamara in support of that assertion. As non-jural entities, Aetna, Aetna Insurance Company, and Aetna Corp. are disregarded for diversity purposes." (citation omitted)); *Dimora v. Ne. Ohio Corr. Ctr.*, No. 4:14CV1221, 2015 WL 1119768, at *3 (N.D. Ohio Mar. 11, 2015) ("NEOCC is a non-jural entity that does not have a separate legal existence. Therefore, the Court need not consider the citizenship of NEOCC in determining whether diversity citizenship exists."). Courts may consider affidavits, declarations, and other supporting evidence in determining whether an entity is a non-jural entity. *See, e.g.*, *Susman*, 2018 WL 123733, at *8–9; *Davis*, 721 F. Supp. 2d at 336–37; *see also Patel*, 2017 WL 2735587, at *1 n.1.

In *Davis v. OneBeacon Insurance Group*, the plaintiff, who had been injured at work, brought suit in state court against his employer's workers' compensation insurance carrier, OneBeacon, after OneBeacon had refused to authorize a shoulder repair surgery. *Id.* at 331–32. Pennsylvania General Insurance Company removed the suit, explaining that OneBeacon was merely a trade name and that it (not OneBeacon) was the workers' compensation carrier for the plaintiff's employer. *Id.* at 332. The plaintiff moved to remand, arguing that "like he and his wife, OneBeacon, the named defendant, was a citizen of the State of New Jersey, thereby stripping [the] Court of subject matter jurisdiction." *Id.* at 334. In opposing remand, PA General submitted an affidavit from its Secretary, attesting that OneBeacon was not a legal entity, as well as other proofs, including two letters written to the plaintiff's attorneys explaining that OneBeacon was not a legal entity and that PA General was the proper defendant. *Id.* at 336. Based on such submissions, the court held that OneBeacon was a non-existent entity and declined to consider it for purposes of diversity jurisdiction. *Id.* at 337.

This court conducted a similar analysis in *Susman v. Goodyear Tire & Rubber Co.*

7

*Susman* involved claims arising from an automobile accident, in which the plaintiffs sued nine defendants, including Ohio Goodyear and Pennsylvania Goodyear. 2018 WL 123733, at *1,*3. Ohio Goodyear removed the action to federal court on the basis of diversity jurisdiction, asserting that the plaintiffs (citizens of Nebraska) were diverse from Ohio Goodyear (a citizen of Ohio) and that Pennsylvania Goodyear did not actually exist. *Id*. at *3.  The plaintiffs moved to remand, arguing that Pennsylvania Goodyear's Pennsylvania citizenship violated the forum defendant rule. *Id.* at *3, *5.  In response, Ohio Goodyear submitted a declaration from Ohio Goodyear's Assistant Secretary and Pennsylvania Department of State records, contending that the Pennsylvania Department of State website showed that Pennsylvania Goodyear did not exist. *Id.* at *3–4, *8.  As such, Ohio Goodyear argued that Pennsylvania Goodyear was a nominal defendant and should not be considered for purposes of diversity jurisdiction. *Id.* at *8.  The court denied the motion to remand, reasoning that the evidence provided "prove[d] that Pennsylvania Goodyear [did] not exist" and noting that the plaintiff did not proffer any evidence to undermine Ohio Goodyear's submissions or submit any credible evidence of its own accord to prove that Pennsylvania Goodyear did in fact exist. *Id.* at *8–9.  Thus, the court held that Pennsylvania Goodyear's citizenship could be disregarded for purposes of diversity jurisdiction. *Id.*

   Here, like the defendants in *Davis* and *Susman*, in response to the motion for remand, Defendants Walgreen Co. and Walgreen Eastern Co., Inc. offered evidence, by way of the Amsbary Affidavit, that Walgreens Store #5522 does not exist as its own entity.  Specifically, the Amsbary Affidavit provides that "Walgreens Store #5522 is not a legal entity but is the designation of a store located at 1607 Bridge Street, Philadelphia, Pennsylvania, and is one of numerous stores, with numerical designations, from which Walgreen Eastern Co., Inc. operates

8

its business." (Doc. No. 5-1 at ¶ 5.)  Defendants' submission that Walgreen Eastern Co., Inc. operated its business from many stores with numerical designations (including Walgreens Store #5522) and that Walgreens Store #5522 is simply a designation of the store located at the Bridge Street location belies Cruz's assertion that Walgreens Store #5522 owned and operated the 1607 Bridge Street store.  Cruz has not submitted any evidence to undermine the representations in the Amsbary Affidavit.[4]  Accordingly, as in *Davis* and *Susman*, we disregard Walgreens Store #5522 for the purpose of diversity jurisdiction.  Because the remaining defendants are all diverse from Cruz, we find that diversity jurisdiction is proper.[5]

Although the *Davis* and *Susman* courts did not explicitly address whether they were also disregarding the non-existent entities with respect to considering whether the forum defendant rule was violated, their holdings at least implicitly speak to that point.  In both cases, the plaintiffs moved for remand, where the non-existent entities (OneBeacon and Pennsylvania Goodyear, respectively) were allegedly citizens of the state the suits were originally filed in

---

[4] The Court held a telephonic conference with the parties' counsel on July 28, 2020, during which the Court expressly asked Cruz's counsel if he intended to submit any evidence to contradict the Amsbary Affidavit.  Cruz's counsel indicated his client did not intend to proffer any rebuttal evidence.  On the call, Cruz's counsel, for the first time, requested jurisdictional discovery.  Cruz did not seek jurisdictional discovery in his motion to remand, nor did he file a reply brief or other motion to that effect.  As Cruz fails to proffer any evidence of his own to undermine the Amsbary Affidavit (i.e. Pennsylvania Secretary of State records showing "Walgreens Store #5522" exists as a business entity) and does not otherwise give us any specific reason for allowing jurisdictional discovery, we deny his request.  *See Susman*, 2018 WL 123733, at *5 (noting that jurisdictional discovery was not warranted).

[5] In the Amsbary Affidavit, Defendants submit that Walgreen Co. is incorporated under the laws of the state Illinois and maintains its principal place of business in Illinois and that Walgreen Eastern Co. is incorporated under the laws of the state of New York and maintains its principal place of business in Illinois. (Doc. No. 5-1 at ¶¶ 3–4.)  Although Defendants assert in their Notice of Removal that the other defendants are incorrectly identified (*see* Doc. No. 1 at p. 5), they did not submit evidence to this effect.  Accordingly, we consider Cruz's allegations that Defendants Walgreen Stores, Inc. and Walgreen National Corp. both had principal places of business at 300 Wilmot Road, Deerfield, Illinois, 60015.  (Doc. No. 1 at p. 35, ¶¶ 5–6.)  Therefore, setting aside Walgreens Store #5522, Defendants are all citizens of different states than Cruz.

(New Jersey and Pennsylvania).  In both cases, the courts denied the motions to remand.  And in *Susman*, the court noted that the plaintiffs argued that Pennsylvania Goodyear's Pennsylvania citizenship violated the forum defendant rule yet later still denied the motion to remand.  In any event, given that Walgreens Store #5522 is a non-jural entity, we consider it a nominal defendant.  "The citizenship of nominal parties does not violate or affect the forum defendant rule." *Gentry v. Sikorsky Aircraft Corp.*, 383 F. Supp. 3d 442, 460 (E.D. Pa. 2019) (collecting cases and holding that the citizenships of now-extinct corporations did not violate the forum defendant rule because those corporations were nominal defendants).

For the foregoing reasons, we find that removal here does not violate the forum defendant rule or destroy complete diversity and therefore deny Cruz's motion to remand.

An appropriate order follows.